IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. CR-22-533-D |
| SKYLER LEE PASLEY, ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant Skyler Lee Pasley's "*Pro Se* Motion | Postconviction Out of Time Appeal" [Doc. No. 73].

On September 15, 2023, Defendant pled guilty to: (1) one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and (2) one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* Superseding Info. [Doc. No. 44]; Pet. to Enter Plea of Guilty [Doc. No. 48]. On July 17, 2024, Defendant was sentenced to 132 months of imprisonment. *See* Judgment [Doc. No. 69].[1] Defendant did not timely appeal his conviction or sentence.

As indicated at the outset, the title of Defendant's Motion references an "out of time appeal." *See* Def.'s Mot. at 1. However, the body of Defendant's Motion references several issues typically raised in a motion for post-conviction relief under 28 U.S.C. § 2255, including ineffective assistance of counsel, threats and coercion by the prosecution, an

---

[1] The sentence consists of 132 months as to Count 1 and 132 months as to Count 2, said terms to be served concurrently. Judgment at 2. Further, the sentence is to be served concurrent with the anticipated sentences in Comanche County District Court (CF-2022-617 and CF-2022-618). *Id.*

excessive sentence, the rule of lenity, and the arresting officers lacking probable cause. *See id.* at 1-3.

Because Defendant's Motion contains at least some conflicting information regarding his requested relief, the Court will address each possibility.

I.  **Out of Time Appeal**

Defendant was required to file a notice of appeal within 14 days of the entry of judgment in this case. Fed. R. App. P. 4(b)(1)(A)(i). The Court entered judgment on July 17, 2024, thus making Defendant's notice of appeal due on July 31, 2024. The Court may, "upon a finding of excusable neglect or good cause, . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise proscribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).

In his Motion, Defendant does not address excusable neglect or good cause. But even if Defendant had established either one, the Court is only authorized to extend the deadline to 30 days after July 31, 2024—*i.e.*, August 30, 2024. Therefore, because Defendant did not file a notice of appeal by the hypothetical August 30th deadline, his request is denied. *See United States v. Verdin-Garcia*, 707 F. App'x 559, 560 (10th Cir. Dec. 20, 2017) (explaining that a district court's authority to extend the deadline to file a notice of appeal pursuant to Rule 4(b)(4) is "strictly limited" by the 30-day extension provided for in the rule).

II. **Section 2255 Motion**

To the extent Defendant seeks to file a motion under 28 U.S.C. § 2255, the Court notes that the Tenth Circuit has discouraged district courts from *sua sponte* recharacterizing

2

a defendant's *pro se* pleading as a § 2255 motion and has adopted a procedure to be followed. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *see also United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000). The court held in *Kelly* that district courts, when presented with "pro se post-conviction motions not expressly made under § 2255," should use the procedure adopted in *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998):

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Kelly*, 235 F.3d at 1242 (quoting *Adams*, 155 F.3d at 584).

In keeping with this procedure, the Court advises Defendant that the relief sought by his Motion appears available, if at all, only by a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Defendant may elect either to: (1) withdraw his pending Motion; or (2) have it characterized and considered by the Court as a § 2255 motion. In weighing these two options, Defendant should consider that, if he proceeds with his Motion under § 2255, a subsequent motion would be considered a second or successive § 2255 motion and could be barred under § 2255(h) and 28 U.S.C. § 2244.

**IT IS THEREFORE ORDERED** that, to the extent Defendant seeks leave to appeal his sentence out of time, that request is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant must advise the Court in writing whether he wishes to withdraw his Motion or proceed under 28 U.S.C. § 2255. If no written

notice of his election is received by December 23, 2024, the Court will consider Defendant's Motion [Doc. No. 73] as a § 2255 motion and direct the government to respond accordingly.

**IT IS SO ORDERED** this 2nd day of December, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge