IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. CR-22-533-D |
| SKYLER LEE PASLEY, | ) ) ) |
| Defendant. | ) ) |

## **ORDER**

On October 2, 2024, Defendant Skyler Lee Pasley filed a "*Pro Se* Motion | Postconviction Out of Time Appeal" [Doc. No. 73]. Defendant's filing contained conflicting information regarding his requested relief, referencing both an out-of-time appeal and allegations typical of those found in a motion filed under 28 U.S.C. § 2255. Due to that lack of clarity, the Court first explained that, under the circumstances, it is unauthorized to extend the deadline for Defendant to file a notice of appeal. *See* 12/2/2024 Order [Doc. No. 74] at 2.

As for his § 2255 allegations, the Court used the procedure set forth by the Tenth Circuit in *United States v. Kelly*, 235 F.3d 1238 (10th Cir. 2000), thus allowing Defendant to withdraw his motion or have it considered by the Court as a § 2255 motion. *See* 12/2/2024 Order at 2-3. The Court advised Defendant of the risks associated with proceeding under § 2255 and established a deadline of December 23, 2024 for Defendant to advise in writing whether he wishes to withdraw his motion or proceed under 28 U.S.C. § 2255. *See id.* at 3-4.

On December 2, 2024—the same day as the Court's Order—Defendant filed a "'*Pro Se*' 'Postconviction' 'Out-of-Time Appeal'" [Doc. No 75], which is similar in nature to his previous *pro se* filing. To the extent Defendant again seeks to appeal his sentence out of time, the Court incorporates in full the analysis set forth in its December 2, 2024 Order and refers Defendant there. *See* 12/2/2024 Order at 2.

To the extent Defendant seeks to file a motion under 28 U.S.C. § 2255, the Court, in keeping with the procedure set forth in *Kelly* and construing Defendant's *pro se* filings liberally, will allow Defendant another opportunity to clarify whether he truly intends to seek relief under § 2255. Accordingly, Defendant may elect either to: (1) withdraw his pending Motions [Doc. Nos. 73, 75]; or (2) have them characterized and considered together by the Court as a § 2255 motion. In weighing these two options, Defendant should consider that, if he proceeds with his Motions under § 2255, a subsequent motion would be considered a second or successive § 2255 motion and could be barred under § 2255(h) and 28 U.S.C. § 2244.

**IT IS THEREFORE ORDERED** that, to the extent Defendant seeks leave to appeal his sentence out of time, that request is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant must advise the Court in writing whether he wishes to withdraw his Motions or proceed under 28 U.S.C. § 2255. If no written notice of his election is received by January 24, 2025, the Court will consider Defendant's Motions [Doc. Nos. 73, 75] together as a § 2255 motion and direct the government to respond accordingly.

**IT IS SO ORDERED** this 30th day of December, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge