IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-533-D |
| ) | |
| SKYLER LEE PASLEY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

On October 2, 2024, Defendant Skyler Lee Pasley filed a "Pro Se Motion | Postconviction Out of Time Appeal" [Doc. No. 73]. Defendant's filing contained conflicting information regarding his requested relief, referencing both an out-of-time appeal and allegations typical of those found in a motion filed under 28 U.S.C. § 2255. Due to that lack of clarity, the Court first explained that, under the circumstances, it was unauthorized to extend the deadline for Defendant to file a notice of appeal. *See* 12/2/2024 Order [Doc. No. 74] at 2.

As for his § 2255 allegations, the Court used the procedure set forth by the Tenth Circuit in *United States v. Kelly*, 235 F.3d 1238 (10th Cir. 2000), thus allowing Defendant to withdraw his motion or have it considered by the Court as a § 2255 motion. *See id.* at 2-3. The Court advised Defendant of the risks associated with proceeding under § 2255 and established a deadline of December 23, 2024 for Defendant to advise in writing whether he wished to withdraw his motion or proceed under 28 U.S.C. § 2255. *See id.* at 3-4.

On December 2, 2024—the same day as the Court's initial Order—Defendant filed a "'Pro Se' 'Postconviction' 'Out-of-Time Appeal'" [Doc. No 75], which was similar in nature to his previous *pro se* filing. Due to the similarity, the Court adopted its analysis and conclusion as to Defendant's request to appeal his sentence out of time and again used the procedure set forth in *Kelly* to allow Defendant to either withdraw his pending motions [Doc. Nos. 73, 75], or have them jointly characterized as a § 2255 motion. *See* 12/30/2024 Order [Doc. No. 76] at 2. The Court set a January 24, 2025 deadline for Defendant to file a written notice of election. *Id.*

To date, Defendant has not filed a written notice. However, for two reasons, the Court declines to construe Defendant's motions as seeking relief under § 2255. First, as the Court emphasized in its initial December 2, 2024 Order, if the Court construed the filings as seeking relief under § 2255, a subsequent motion would be considered a second or successive § 2255 motion and could be barred under § 2255(h) and 28 U.S.C. § 2244. In other words, absent authorization from the Tenth Circuit, Defendant has one bite at the apple when it comes to filing a § 2255 motion, and, based on Defendant's failing to provide a written notice, the Court is unable to discern whether he truly intends to do so here.

Second, Defendant's one-year time limit within which to file a § 2255 motion has not expired. The limitations period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In this case, the Judgment [Doc. No. 69] entered on July 17, 2024 became final on July 31, 2024, when the time for filing an appeal expired. The one-year period thus extends through July 31, 2025.

Given the above-discussed reasons, the Court declines to construe Defendant's motions as seeking relief under § 2255.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motions [Doc. Nos. 73, 75] are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to provide Defendant with the necessary § 2255 form(s). If at some point in the future Defendant elects to proceed under § 2255, he should complete the provided § 2255 form(s) and mail them to the Clerk of Court for filing.

**IT IS SO ORDERED** this 21st day of February, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge